## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of September, two thousand sixteen.

PRESENT:  PIERRE N. LEVAL,
                      RAYMOND J. LOHIER, JR.,
                            *Circuit Judges,*
                      EDWARD R. KORMAN,
                            *District Judge.**

------------------------------------------------------------------------------------

EMPIRE STATE CARPENTERS WELFARE, ANNUITY AND APPRENTICE TRAINING FUNDS, BY PATRICK MORIN AND JOSEPH OLIVIERI AS TRUSTEES, SOUTH CENTRAL DISTRICT COUNCIL OF CARPENTERS DEFINED BENEFIT FUND, BY DAVID F. HAINES AND FRANK JONES, AS TRUSTEES, THE EMPIRE STATE REGIONAL  COUNCIL OF CARPENTERS, BY PATRICK MORIN, BUSINESS MANAGER,

*Plaintiffs-Appellees,*

v.                                                                                    No. 15-3175

CONWAY CONSTRUCTION OF ITHACA, INC.,

*Defendant-Appellant.*

---

\* The Honorable Edward R. Korman, United States District Court for the Eastern District of New York, sitting by designation.

FOR PLAINTIFFS-APPELLEES: MARTIN C. FOJAS, Virginia & Ambinder, LLP, New York, NY.

FOR DEFENDANT-APPELLANT: JOSEPH A. STEFLIK, JR., Coughlin & Gerhart, LLP, Binghamton, NY.

Appeal from a judgments of the United States District Court for the Eastern District of New York (Denis R. Hurley, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgments of the District Court are VACATED and REMANDED.

Defendant-appellant Conway Construction, Inc. ("Conway") appeals from a March 15, 2012 judgment and a September 21, 2015 judgment of the United States District Court for the Eastern District of New York (Hurley, J.), denying Conway's cross-motion for summary judgment, granting Plaintiff-appellee Empire State Carpenters' ("Empire") cross-motion for summary judgment, and awarding Empire $202,958.75 in damages stemming from Conway's unpaid contributions to Empire's employee benefit funds. Conway argues primarily that the District Court erred in (1) concluding that Conway's conduct between 1998 and 2003 manifested an intent to adopt the 2001 collective bargaining agreement ("CBA"), (2) holding that Conway was not permitted unilaterally to cease performing under that CBA, and (3) failing

sufficiently to reduce Empire's attorneys' fees in calculating the damages award.

We assume the parties' familiarity with the facts and record of the proceedings, to which we refer only as necessary to explain our decision to vacate and remand.

Conway argues that the District Court erred in holding that Conway's conduct manifested an intent to be bound by the terms of the 2001 CBA. In reaching this conclusion, the District Court relied on Brown v. C. Volante Corp., 194 F.3d 351 (2d Cir. 1999), which held that an unsigned CBA may satisfy the requirement that payments to an employee trust fund be made pursuant to a "written agreement with the employer," 29 U.S.C. § 186(c)(5)(B), if the employer's "conduct manifested an intent to adopt, or agree to, the unsigned CBAs," Brown, 194 F.3d at 155. We agree with Conway that the District Court erred in granting Empire's motion for summary judgment on this issue. The District Court mistakenly concluded that Conway "points to no conduct on its behalf pre-April 2003 negating an intent to be bound by the 2001 Agreement, other than the fact that Conway consistently refused to sign the CBA." To the contrary, during discovery John Conway testified that "[a]s long as the funds were available from, let's say, the economy . . . I told [Empire's union representatives' I'd stay as long as I could. And at that time when I could no longer support their people and cost, I'd have to terminate before I lost my company." A

3

reasonable juror could construe this testimony to mean that Conway never manifested an intent to be bound by the 2001 CBA and, instead, informed the plaintiffs that he sought merely to compensate union employees at a certain rate until it was longer economically feasible to do so.   We therefore conclude that a genuine dispute of material fact exists regarding whether Conway's conduct manifested an intent to be bound to the terms of the 2001 CBA.[1]

We have considered all of the parties' remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is VACATED and the cause is REMANDED to the District Court for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Because we vacate on the ground that further proceedings are necessary to determine whether Conway was bound by the terms of the 2001 CBA, we need not consider Conway's other arguments, including that it was entitled unilaterally to repudiate its obligations under the CBA despite the National Labor Relations Board's decision in John Deklewa & Sons, Inc., 282 NLRB 1375 (1987), enforced sub nom Int'l Ass'n of Bridge, Structural & Ornamental Workers, Local 3 v. NLRB, 843 F.2d 770 (3d Cir. 1988).